IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: )<br> )<br>    Lee C. Keebler )<br> )<br>                Debtor. )<br> )<br>_____ )<br> )<br>MICHAEL K. DESMOND, not individually, )<br>but as Chapter 7 Trustee for the Bankruptcy )<br>Estate of LEE C. KEEBLER, )<br> )<br>                Plaintiff, )<br>    v. )<br> )<br>LEE C. KEEBLER and PAMELA KEEBLER, )<br> )<br>                Defendants. ) | Case No.: 21-03589<br><br>Ch. 7<br><br>Hon. Timothy Barnes<br><br><br><br><br><br>Adv. No. _____ |

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER
AND FOR OTHER RELIEF**

      Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Lee C. Keebler ("Debtor"), by and through his attorneys, hereby complains against Lee C. Keebler and Pamela Keebler to Avoid and Recover Fraudulent Transfer and to authorize sale of Real Property over the interest of the co-owner. In support thereof, the Trustee states as follows:

**PARTIES**

      1.    Michael K. Desmond is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy estate.

2. Lee Keebler is the Debtor in bankruptcy case number 21-03589 currently pending in the Northern District of Illinois and joint owner of the property located at 7800 McVicker Avenue, Burbank, IL 60459 ("Real Property").

3. Pamela Keebler ("Joint Owner") is the Debtor's spouse and joint owner of the Real Property.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, and the Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

5. This adversary proceeding is a core proceeding within the meaning of, *inter alia*, 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

6. Venue of the Bankruptcy Case and of this adversary proceeding is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS COMMON TO ALL COUNTS

7. On March 19, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the above-entitled case and creating the Debtor's estate (the "Estate").

8. Michael K. Desmond was appointed Chapter 7 trustee ("Trustee") of the Estate on the Petition Date.

9. The initial meeting of creditors pursuant to Section 341 of the Bankruptcy code was originally set for April 14, 2021. The meeting of creditors was adjourned on May 12, 2021.

10. Debtor and Joint Owner are title owners of the Real Property.

11. The Debtor and Joint Owner previously held title to the Real Property "not as tenants in common but as joint tenants", pursuant to a quit claim deed, recorded on or around January 16, 1985 recorded as Document No. 27407012. A copy of the original quit claim deed is attached hereto as <u>Exhibit A</u>.

12. Subsequently on June 18, 2020, the Debtor and Joint Owner transferred the Real Property to themselves "not as joint tenants but as tenants by the entirety" (the "Transfer"). The Deed was recorded with the Cook County Recorder of Deeds on June 18, 2020 as Document No. 2017008001. A copy of this quit claim deed is attached hereto as <u>Exhibit B</u>.

13. On information and belief, Debtor received no consideration for the Transfer.

14. The Debtor met with his bankruptcy attorney on or August 13th, 2020, just two months after transferring the Real Property to tenancy by the entirety.

15. According to Debtor's testimony, Debtor and Joint Owner did not have any estate plan prepared, nor did they have any intent to have an estate plan prepared at the time of the Transfer.

16. According to Debtor's testimony, he was unable to pay debts as they came due at the time of the Transfer of the Real Property to tenancy by the entirety.

17. On information and belief, it was the Debtor's sole intent to transfer the Real Property to avoid debts as they became due.

18. In the Schedules filed by the Debtor with his bankruptcy petition, the Debtor claimed the Real Property as fully exempt pursuant to 735 ILCS 5/2-112.

19. On or about June 11, 2021, the Trustee filed and objection to the claimed exemption.

20. According to the information in the Debtor's Petition, there is substantial equity in the Real Property.

21. By this adversary the Trustee seeks to avoid the Transfer for the benefit of the Estate and its creditors.

### COUNT I
### *AVOIDANCE OF FRAUDULENT TRANSFER UNDER*
### *11 U.S.C. §544(b) and 735 ILCS 5/12-112*

22. The Trustee repeats and re-alleges each and every allegation in Paragraphs 1 through 21 of this Adversary Complaint as if fully set forth herein.

23. Pursuant to the provisions of 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of the Bankruptcy Code.

24. The Debtor disclosed in his Chapter 7 Bankruptcy Schedules that there is at least one creditor which holds an unsecured claim against the Debtor at the time of the above-mentioned transfer.

25. 735 ILCS 5/12-112 provides, in relevant part, as follows: "Any real property, any beneficial interest in a land trust, . . . held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of

the tenants, except if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due."

26. On information and belief, the Transfer was made by the Debtor with the sole intent to avoid the payment of a debt which existed as of the Transfer which was beyond the Debtor's ability to pay as it became due. The Trustee's knowledge and belief is based upon the following:

> a. At the time of the transfer the Debtor was indebted to both secured and unsecured creditors.
>
> b. The transfer of the Real Property was for less than reasonably equivalent value. The Debtor received no consideration or any value for and in exchange of said transfer.
>
> c. The transfer was to an insider. The Debtor transferred his ownership interest in the Real Property to himself and his spouse.
>
> d. According to Debtor's own testimony, at the time of the transfer, the Debtor was not paying his debts as they became due.
>
> e. The Real Property was a substantial portion of the Debtor's assets and the equity in the Real Property represented the Debtor's most significant asset.

27. The Debtor's Transfer of his ownership interest in the Real Property should be avoided in its entirety pursuant to 11 U.S.C. § 544(b) and the same should be preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in favor of the Trustee:

a. Ordering that Debtor's transfer of his ownership interest in the Real Property to tenancy by the entireties is avoided pursuant to 11 U.S.C. §544(b);

b.    Enter declaratory relief finding that the ownership interest of the Debtor and Joint Owner is that which existed before the Transfer, i.e., joint tenants with the right of survivorship;

c.    Granting such other relief as this Court deems just and proper.

## COUNT II
### *Avoidance of Actual Fraudulent Transfer*
### *11 U.S.C. § 548(a)(1)(A)*

28.    The Trustee repeats and re-alleges each and every allegation in Paragraphs 1 through 27 of this Adversary Complaint as if fully set forth herein.

29.    Alternatively, the Trustee seeks to avoid the transfer of the Real Property pursuant to 11 U.S.C. §548:

30.    The Transfer was a transfer of an interest of the Debtor in property.

31.    The Defendants were the initial transferees of the Transfer.

32.    The Debtor and Joint Owner received no consideration in exchange for the Transfer.

33.    On information and belief, the Debtor and Joint Owner made the Transfer with actual intent to hinder, delay or defraud one or more of his creditors.

34.    The Transfer constitutes a fraudulent transfer that is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

35.    To the best of the Trustee's knowledge and belief, the Transfer was made by the Debtor with the sole intent to avoid the payment of a debt which existed as of the Transfer which was beyond the Debtor's ability to pay as it became due. The Trustee's knowledge and belief is based upon the following:

    a.  At the time of the transfer the Debtor was indebted to secured and unsecured creditors.

    b.  The transfer of the Real Property was for less than fair equivalent value, i.e., the Debtor received no consideration of any value for and in exchange of said transfer.

    c.  The transfer was to an insider, i.e., the Debtor transferred his ownership interest in the Real Property to himself and his spouse.

    d.  According to Debtor's own testimony, at the time of the transfer, the Debtor was not paying his debts as they became due. The Real Property was a substantial portion of the Debtor's assets.

WHEREFORE, the Trustee respectfully requests that this Court grant judgment against the Defendant, as follows:

    a.  Enter judgment in favor of the Trustee and against the Defendant to avoid the Transfer as a fraudulent transfer pursuant to 11 U.S.C. §548(a)(1)(A);

    b.  Enter judgment in the Trustee's favor and against the Defendant in the aggregate amount of the Transfer;

    c.  Award the Trustee costs and reasonable attorneys' fees, to the extent permitted by law, through trial and any subsequent appeals;

    d.  Granting such other relief as this Court deems just and proper.

### COUNT III
*Avoidance of Constructive Fraudulent Transfer*
*11 U.S.C. § 548(a)(1)(B)*

36.    The Trustee repeats and re-alleges each and every allegation in Paragraphs 1 through 35 of this Adversary Complaint as if fully set forth herein.

37.    The Transfer was a transfer of an interest of the Debtor in property.

38.    The Defendant and Joint Owner were the initial transferees of the Transfer.

39. On information and belief, the Debtor received less than reasonably equivalent value in exchange for the Transfer.

40. On information and belief, at the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

41. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Transfer is avoidable as a fraudulent

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court, in the alternative, enter judgment in favor of the Trustee:

a. Ordering that Debtor's transfer of his ownership interest in the Real Property is avoided pursuant to 11 U.S.C. §548 (a)(1)(B);

b. Enter declaratory relief finding that the ownership interest of the Debtor and Joint Owner is that which existed before the Transfer, i.e. joint tenants with the right of survivorship;

c. Granting such other relief as this Court deems just and proper.

## COUNT IV
### *RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. §550*

42. Plaintiff re-alleges Paragraphs 1-41 and incorporates them by reference herein.

43. Debtor and Joint Owner were the initial transferee of the Transfer referenced in the preceding counts of the Complaint.

44. Pursuant to the provisions of 11 U.S.C. § 550(a), the Trustee may recover for the benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such property from the Defendants.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court, in the enter judgment in favor of the Trustee:

    a.    Declaring that the bankruptcy Trustee may recover the referenced Transfer or the value of such transfer from the Debtor and the Joint Owner;

    b.    That this Court enter a monetary judgment against Debtor and Joint Owner in the amount to be proved at trial plus all interest that has accrued since the date that the Trustee demanded the return of said Transfer, plus costs and fees to the extent permitted by applicable law; and

    c.    Granting such other relief as this Court deems just and proper.

## COUNT V
### *SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)*

45. Plaintiff re-alleges Paragraphs 1-44 and incorporates them by reference herein.

46. 11 U.S.C. § 363(h) provides, inter alia, as follows:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

  (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."

  47. As previously alleged in the within Complaint, good cause/grounds exist to avoid the Debtor's transfer of the Real Property– thereby rendering the Debtor's undivided one-half equity value in the Real Property subject to liquidation for the benefit of the Estate.

  48. The Trustee has previously filed an objection to the Debtor's claimed exemption in the entirety of the equity value of the Real Property.

  49. A partition in kind of the Real Property among the Estate and Joint Owner would be impracticable as the Real Property is a single-family home which is not susceptible to partition.

  50. Sale of the estate's undivided interest in the Real Property would realize significantly less for the bankruptcy estate than sale of the Real Property in its entirety, free of the interest of the joint owner.

  51. The benefit to the bankruptcy estate of a sale of the Real Property free of the interests of the Joint Owner outweighs the detriment, if any, to the Joint Owner.

  52. Grounds exist to permit the sale of the Real Property free and clear of Debtor's interest in the Real Property under 11 U.S.C. § 363(h).

  53. Pursuant to § 363(h) of the Bankruptcy Code, this Court should authorize the Trustee to sell the Real Property in its entirety, free and clear of all liens, claims, and encumbrances, including any interest of the Joint Owner, with any such liens, claims, and encumbrances, including the interest of those persons, to attach to the proceeds of the sale, subject to a determination of this Court as to the extent, validity and priority of such liens, claims, and encumbrances.

WHEREFORE, the Trustee requests the Court enter judgment in his favor and against the Joint Owner for the following relief:

    a.    Granting the Trustee the authority to sell the Real Property in its entirety, free and clear of all liens, claims, and encumbrances, including any interest of the Joint Owner, with any such liens, claims, and encumbrances, including the interest of those persons, to attach to the proceeds of the sale, subject to a determination by this Court of the nature, validity, and extent of any liens, claims, and encumbrances; and

    b.    Subject to further order of this Court, directing and ordering Joint Owner to execute at the direction of the Trustee any deed or other instrument necessary to convey title to the Real Property; and

    c.    Awarding to the Trustee, his costs of suit and attorney's fees to the extent permitted by law; and

    d.    Granting such other relief as this Court deems just and proper.

Dated: January 4, 2022

    Respectfully Submitted,

    **MICHAEL K. DESMOND, not individually but as Chapter 7 Trustee of the bankruptcy estate of LEE C. KEEBLER.**

    By:   */s/ Michael K. Desmond*
           One of his Attorneys

Michael K. Desmond (IL #6208809)
Justin M. Herzog (#6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610

# EXHIBIT A

GEORGE E. COLE
LEGAL FORMS

WARRANTY DEED
Joint Tenancy
Statutory (ILLINOIS)
(Individual to Individual)

NO 810
April, 1980

19456  COOK COUNTY, ILLINOIS
FILED FOR RECORD

1985 JAN 16 PM 1:39   27407012

27 407 012

CAUTION: Consult a lawyer before using or acting under this form. All warranties, including merchantability and fitness, are excluded.

THE GRANTOR S

JOSEPH McINERNEY and HAZEL M. McINERNEY, his wife

of the Village of Burbank County of Cook State of Illinois for and in consideration of TEN and 00/100———————————————— DOLLARS, and other valuable consideration in hand paid, CONVEY__ and WARRANT__ to

LEE C. KEEBLER and PAMELA A. KEEBLER

of 10402 Moody Ave., Chicago Ridge, Illinois

(NAMES AND ADDRESS OF GRANTEES)

(The Above Space For Recorder's Use Only)

not in Tenancy in Common, but in JOINT TENANCY, the following described Real Estate situated in the County of Cook in the State of Illinois, to wit:

Lot 1 in Block 3 in Frederick H. Bartlett's First Addition to Greater 79th Street Subdivision, being a Subdivision of the Southeast 1/4 of the Southeast 1/4 of Section 30, also the Southwest 1/4 of the Southwest 1/4 and the Southeast 1/4 of the Southwest 1/4 of Section 29, Township 38 North, Range 13 East of the Third Principal Meridian, in Cook County, Illinois.

Subject to: 1) covenants, easements, conditions and restrictions of record.
2) Real Estate taxes for 1984 and subsequent years.

$11.00

Cook County REAL ESTATE TRANSACTION TAX — 22.50

STATE OF ILLINOIS REAL ESTATE TRANSFER TAX — DEPT OF REVENUE 22.50

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois. TO HAVE AND TO HOLD said premises not in tenancy in common, but in joint tenancy forever.

DATED this 12th day of October 19 84

PLEASE PRINT OR TYPE NAME(S) BELOW SIGNATURE(S)

Joseph McInerney (SEAL)   Hazel M. McInerney (SEAL)
Joseph McInerney                Hazel M. McInerney

_____(SEAL)   _____(SEAL)

State of Illinois, County of DuPage ss. I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that

Joseph McInerney and Hazel M. McInerney, his wife

IMPRESS SEAL HERE

personally known to me to be the same person S whose name are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and official seal, this 12th day of October 19 84

Commission expires April 24, 1988   Charles Zogas NOTARY PUBLIC

This instrument was prepared by Charles Zogas, 8929 S. Harlem, Bridgeview, IL 60455
(NAME AND ADDRESS)

MAIL TO:
Lee Keebler (Name)
7800 S. McVicker (Address)
Burbank, IL 60459 (City, State and Zip)

ADDRESS OF PROPERTY:
7800 S. McVicker
Burbank, IL 60459
THE ABOVE ADDRESS IS FOR STATISTICAL PURPOSES ONLY AND IS NOT A PART OF THIS DEED.

SEND SUBSEQUENT TAX BILLS TO:
Lee C. Keebler and Pamela Keebler (Name)
7800 S. McVicker, Burbank, IL 60459

Non-Order Search
Doc: 27407012
Page 1 of 1
Requested By: sbozzi, Printed: 5/19/2020 1:37 PM

# **EXHIBIT B**

**QUIT CLAIM DEED**
Statutory (ILLINOIS)
(Tenants by the Entirety)



Doc# 2017008001 Fee $88.00

RHSP FEE:$9.00 RPRF FEE: $1.00
EDWARD M. MOODY
COOK COUNTY RECORDER OF DEEDS
DATE: 06/18/2020 07:41 AM PG: 1 OF 3

**THE GRANTOR (S)**

**Lee C. Keebler and Pamela A. Keebler, as husband and wife of 7800 S. McVicker, Burbank IL 60459** in the County of Cook, State of Illinois for and in consideration of ($10.00) ten dollars, in hand paid, **CONVEYS** and **QUIT CLAIMS** to:

**Lee C. Keebler and Pamela A. Keebler, as husband and wife not as joint tenants but as tenants by the entirety,** the following described Real Estate situated in Cook County, Illinois, commonly known as 7800 S. McVicker , Burbank IL 60459 and legally described as:

LOT 1 IN BLOCK 3 IN FREDERICK H. BARTLETT'S FIRST ADDITION TO GREATER 79TH STREET SUBDIVISION, BEING A SUBDIVISION OF THE SOUTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 30, ALSO THE SOUTHWEST ¼ OF THE SOUTHWEST ¼ AND THE SOUTHEAST ¼ OF THE SOUTHWEST ¼ OF SECTION 29, TOWNSHIP 38 NORTH, RANGE 13 EAST OF THETHIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

SUBJECT TO: Covenants, conditions and restrictions of record; public and utility easements; and general real estate taxes for 2019 2nd installment and subsequent years.

Permanent Index Number (PIN): **19-29-314-015-0000**

Address(es) of Real Estate: 7800 S. McVicker, Burbank IL 60459

Dated this ___7TH___ day of __June__, 2020

PLEASE PRINT OR TYPE NAMES BELOW SIGNATURES

_____          _____
LEE C. KEEBLER                                      PAMELA A. KEEBLER